IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Doneil D. Hale )
)
_____ )
)
_____ )
)
_____ )
(Enter above the full name of the Plaintiff(s) )
)
vs. Terra D. Morehead, U.S. Attorney )
U.S. District Court, District of Kansas )
)
Terra D. Morehead )
Name )
500 State Ave., Suite 360 )
Street and number )
Kansas City   Kansas   66101 )
City        State       Zip Code )

**FILED**

NOV 23 2010

TIMOTHY M. O'BRIEN, Clerk
By_____ Deputy

Case Number: 10-3235-SAC

(Enter above the full name and address of the
Defendant in this action - list the name and
address of any additional defendants on the back
side of this sheet).

## CIVIL COMPLAINT

I.   Parties to this civil action:

(In item A below, place your name in the first blank and place your present address in the
second blank. Do the same for additional plaintiffs, if any, on the back side of this sheet).

A.   Name of plaintiff  Donell D. Hale

     Address  100 Highway Terrace  (C.C.A)
     Leavenworth, Kansas, 66048

1

(In item B below, write the full name of the defendant in the first blank. In the second blank, write the official position of the defendant. Use item C for the names and positions of any additional defendants).

B. Defendant _Terra D. Morehead_ is employed at _Office of United States Attorney - Kansas City_ _As U.S. Assistant Attorney_

C. Additional Defendants _Roberts, Ray; (Warden Eldarado Dept. Corr.)_ _U.S. Marshals Agency (District of Kansas)_ _U.S. District Court - District of Kansas_

II. Jurisdiction:

(Complete one or more of the following subparagraphs, A., B.1, B.2., or B.3., whichever is applicable.)

    A. (If Applicable) Diversity of citizenship and amount:

        1. Plaintiff is a citizen of the State of _Kansas_.

        2. The first-named defendant above is either

            a. a citizen of the State of _Kansas_ ; or

            b. a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

        3. The second-named defendant above is either

            a. a citizen of the State of _Kansas_ ; or

            b. a corporation incorporated under the laws of the State of _____ and having its principal place of business in a State other than the State of which plaintiff is a citizen.

    (If there are more than two defendants, set forth the foregoing information for

each additional defendant on a separate page and attach it to this complaint.)

Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

B. (If applicable) Jurisdiction founded on grounds other than diversity (Check any of the following which apply to this case).

____ 1. This case arises under the following section of the Constitution of the United States or statute of the United States (28 U.S.C. §1331): Constitution, Article____, Section____; Statute, US Code, Title____, Section____.

____ 2. This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. §1343).

_X_ 3. Other grounds (specify and state any statute which gives rise to such grounds): 42 U.S.C. 1983 § (1981)

III. Statement of Claim:

(State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s].)

(See Attached)

3

A.) Terra Morehead, in both her official capacity as Assistant prosecutor for the U.S. Government, and the District of Kansas, Deliberately filed an Improper Request for Temporary Custody of me to stand trial in the Federal District of Kansas, which was issued and ordered by U.S. Magistrate Judge James P. O'Hara on the date of July 15, 2010, in attempt to circumvent procedures of statute and Congressionally provisioned which would have afforded me safeguarded rights under provisioned Acts.

B) Terra Morehead, and Warden Ray Roberts, both circumvented my rights under the Federal Rules of Criminal Procedure, Rule 31(el (J)(4) to inform me of my rights to Final disposition of the indictment against me, thus denying me due process and Equal protection of the law(s) under said clauses:

B2) Terra Morehead violated my statutorily constructed safeguarded rights to Article IV(a) of the Interstate Agreement on Detainers Act (Detainers Act) allowing a period of Thirty days before the request for Temporary Custody/delivery be honored where either the Governor upon his motion or motion from me to deny the legality of my delivery; where as Assistant Attorney Terra Morehead requested Temporary Custody through writ of habeas Corpus ad prosequendum on 6/18/2010, granted 6/18/2010, and attained custody of my person on 7/15/2010... As such not honoring the Thirty days period before obtaining temporary custody. She, and Warden Ray Roberts of Eldarado Department of Corrections (State of Kansas), conspired to deny me this right to petition the Governor of Kansas to contest the legality of the (Indictment) and delivery.

B3) Warden Ray Roberts failed to afford me due process and equal protection by deliberately not informing me of my rights to seek final disposition under Article III(C) of the 'Detainers Act' and Statute 3161(J), (J)(4) of the Speedy Trial Act, where as she was in receipt of the Temporary Request of custody issued 6/18/2010... But, turned me over to the custody of the U.S. Marshalls for delivery into the Federal Jurisdiction on 7/15/2010.

C) Terra Morehead and Warden Roberts had on obligation to fulfill in seeking delivery/ granting delivery under Article IV(d) of the Detainers Act, Article IX, Sec. 5, of the Detainers Act, Statute 3161(J) of the Speedy Trial Act, and Section 10 of the Uniform Criminal Extradition Act (codified in Pennsylvania at 42 Pa. Cons. Stat. 1931 (Supp. 1980), Council of State Governments, Suggested State Legislation, Program for 1957 p.78 (1956), Section 2, Article 4 of the United States Constitution.
Had custody been properly sought under these procedures I would have been informed of my safeguarded rights: 1) to contest the legality of my delivery (the request), 2) right to counsel, 3) right to a pretransfer hearing, 4) right to petition the Governor of Kansas, 5) right to file a writ of Habeas Corpus.

D) As provisioned within Article IX Sec. 5 of the Detainers Act "... All Courts, departments, agencies, officers, and employees of the United States and the District of Columbia are hereby directed to enforce the agreement on detainers and to cooperate with one another and with all party States in enforcing the agreement and effectuating its purpose...."

THE DISTRICT Court of Kansas (Judge Kathryn H. Vratil)(Magistrate James P. O'Hara) failed to meet and enforce its obligatory duties as commanded within this Article of the Detainers Act;

2) The United States Marshal agency for the District of Kansas in its compacity as an United States 'agency' failed to meet and enforce its obligatory duties as commanded within the Detainers Act, Article IX sec. 5;

3) Terra Morehead in her compacity as U.S. assistant attorney for the U.S. Government failed to meet her obligatory duties within this Article (IX) of the Detainers Act as both an 'officer and employee' of the United States;

4) WARDEN Ray Roberts, Eldarado Dept. of Corrections, as/in his compacity as represenative of the Kansas State Department of Corrections, failed to meet its obligatory duties within this Article of the Detainers Act;

As such, each defendant have/has obstructed and violated my statutorily Constructed and Constitutional Rights under federal law in an arbitrarily abuse of authority to rush me through the Judicial system avoiding my rights to contest the legality of my delivery.

In Cuyler v. Adams, the Courts have held it to be a violation of statutory construction under federal law to deny a prisoner's safeguarded rights under Article IV(d) of the Detainer Agreement, et seq... including a pretransfer hearing prescribed by the Extradition Act. As such rights were intentionally and deliberately denied me, I am entitled to relief upon these grounds as well as Constitutional, i.e. Due Process Clause (To Be Informed of my rights) and Equal Protection Clause to grant me a pretransfer hearing that would have been available had my transfer (interjurisdictional) been sought under the Uniform Criminal Extradition Act (Extradition Act), et seq, "A prisoner transferred under the Extradition Act is explicitly granted a right to a pretransfer hearing..." at which I would have been informed of the receiving State's request for custody, right to counsel, and my right to apply for a writ of habeas corpus challenging the custody request; including other rights, i.e. "a reasonable time" in which to apply for the writ.

Also, Plaintiff seeks as Relief: $2,500 from each separate defendant, per each day of each illegal detention within federal custody and jurisdiction,

2) All court costs be paid by the defendants jointly;

3) Immediate dismissal of all indictments, charges, informations, detainers, warrants lodged against me, with prejudice, related to this cause of action;

4) Appointment of Counsel

5) And that All criminal trial/pretrial proceedings related to this cause be suspended until final disposition of this civil complaint (for fear of retaliatory action by the defendants)

6) This civil matter be granted the authority of Trial by Jury.

_____

_____

_____.

IV.  Relief:

(State briefly exactly what judgement or relief you want from the Court.  Do not make legal arguments.)

Monetary, Injunctive, Declatory relief ($2,500 per day of illegal incarceration from each defendant), Dismissal of Indictment, charges, information, Detainers with prejudice (Related to this complaint), Jury Trial, Appointment of Counsel/fees paid for Counsel/court costs by defendants

V.  Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?   Yes [X]   No [ ]

VI.  Do you claim actual damages for the acts alleged in your complaint?   Yes [X]   No [ ]

VII.  Do you claim punitive monetary damages? Yes [X]  No [ ]

If you answered yes, state the amounts claimed and the reasons you claim you are entitled to recover money damages.

$2,500 per each day, from each Defendant for illegal incarceration under federal Jurisdiction. My statutorily constructed rights, and Constitutional Rights to Due Process/Equal Protection of laws) are violated to Contest the Delivery of my person to fed. Jurisdiction as safeguarded in the provisions of the Interstate Agreement of Detainers Act (Article 4 (a)(d) and Art. IX sec.5), My Rights to the Extradition Act, Speedy Trial Act 3161 (J) specificially (J)(4); As these rights were violated my detention within Federal Jurisdiction is illegal and improper.

4

VIII.  Administrative Procedures:

   A.  Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency? Yes [X]  No [ ]

   B.  If you answered yes, give the date your claims were presented, how they were presented, and the result of that procedure:

   Presented through the Emergency Grievance Process at Corrections Corporation of America O: 1:24, 2010. The results are denial of my claim/grievance.

   C.  If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures:

IX.  Related Litigation:

   Please mark the statement that pertains to this case:

   _____  This cause, or a substantially equivalent complaint, was previously filed in this court as case number _____ and assigned to the Honorable Judge _____.

   ___X___  Neither this cause, nor a substantially equivalent complaint, previously has been filed in this court, and therefore this case may be opened as an original proceeding.

   _Donell D. Hale_
   Signature of Plaintiff

   _Donell D. Hale_
   Name (Print or Type)

5

_100 Highway Terrace_
Address

_Leavenworth_  _Kansas_  _66048_
City        State       Zip Code

_N/A_
Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita, (Kansas City) or Topeka ), Kansas as the location for the
(circle one location)
trial in this matter.

_[signature]_
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ((yes) or no ).
(circle one)

_[signature]_
Signature of Plaintiff

Dated: _11/10_
(Rev. 8/07)