DONELL D. HALE,

                    Plaintiff,

          v.                          CASE NO.  10-3235-SAC

TERRA MOREHEAD,
et al.,

                    Defendants.

## O R D E R

This civil complaint was filed pro se by an inmate of Leavenworth Detention Center, a private prison facility operated by Corrections Corporation of America (LDC-CCA). Plaintiff names as defendants Terra D. Morehead, Assistant U.S. Attorney (AUSA), District of Kansas (D.Kan.); U.S. District Court, D.Kan.; U.S. Marshals Agency, D.Kan.; and Ray Roberts, Warden, El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Plaintiff asserts jurisdiction under 42 U.S.C. §§ 1983 and 1981.

As the factual basis for his complaint, Mr. Hale alleges as follows. Defendant AUSA Morehead, in her official capacity, filed a request for temporary custody through writ of habeas corpus ad prosequendum of Mr. Hale to stand trial in the United States District Court for the District of Kansas, which was granted on June 18, 2010. Warden Roberts turned Mr. Hale over to the custody of U.S. Marshals on July 15, 2010.

Mr. Hale claims that defendant Morehead's actions deprived him of various rights under Rule 3161(J)(4) of the Federal Rules of Criminal Procedure, the Interstate Agreement on Detainers Act (IAD), as well as the Uniform Criminal Extradition Act. He claims he was

not informed of, and thus was denied, his rights to counsel, to contest the legality of the request for temporary custody, to a pre-transfer hearing, to petition the Governor of Kansas to contest the legality of the indictment and temporary custody for trial, and to file a writ of habeas corpus. He claims that defendants AUSA Morehead and Warden Roberts conspired to deny his right to petition the Governor of Kansas to contest the legality of the indictment and temporary custody for trial.

Plaintiff claims he is entitled to a pre-transfer hearing, and seeks relief of $2500 from each defendant for each day spent in allegedly "illegal detention within federal custody." He also seeks "immediate dismissal" with prejudice of all indictments, charges, informations, detainers, and warrants against him "related to this cause of action." In addition, he asks that "all criminal trial/pretrial proceedings related to this cause be suspended until final disposition" of this complaint.

With respect to exhaustion of remedies, plaintiff states that he presented his claims "through the emergency grievance process" at LDC-CCA, and his claims were denied.


**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which avers that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement

from the appropriate official of each prison at which he was or is confined. Id.; see also Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002). Plaintiff has provided an affidavit but has not provided a certified copy of his inmate account for the appropriate period of time. This action may not proceed until plaintiff provides that financial information, which is required by federal law. He will be given time to do so, and is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice.

Plaintiff is reminded that the fee for filing a civil rights complaint is $350.00, and that, under § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2).[1]

**SCREENING**

Because Mr. Hale is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

## FEDERAL OFFICIALS AND AGENCIES ARE NOT STATE ACTORS

Plaintiff expressly asserts jurisdiction under 42 U.S.C. § 1983. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).

Defendant Morehead is a federal prosecutor, and is not a "state actor." She acts under federal, not state, law. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & FN30 (1982). Defendants U.S. District Court (D.Kan.) and U.S. Marshals Agency (D.Kan.)[2] are not "persons" amenable to suit for money damages under § 1983. The United States and its agencies are absolutely immune to suits for damages. It follows that plaintiff may not sue defendants Morehead, the U.S. District Court, or the USMS for damages under § 1983.[3]

Under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 403 U.S. 478, 504 (1978). In Bivens, the Supreme Court established a direct cause of action under the

---

[2]     The U.S. Marshals agency is usually referred to as the United States Marshals Service (USMS).

[3]     The only defendant who is a state actor is Warden Roberts.

Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. The court might liberally construe the complaint as one under 28 U.S.C. § 1331 instead of § 1983. However, the federal court and the USMS would still be dismissed as immune to suit for money damages. Moreover, defendant Morehead cannot be sued for damages in her official capacity, but may only be sued in her individual capacity. Thus, these three defendants are subject to being dismissed from this lawsuit whether or not it is construed as one under § 1331.

**HABEAS CORPUS CLAIMS NOT COGNIZABLE IN CIVIL RIGHTS ACTION**

Plaintiff's allegations that his current confinement in federal custody is illegal are in the nature of a habeas corpus claim. His requests for dismissal of federal indictments, charges, informations, detainers, and warrants and that the criminal trial/pretrial proceedings be suspended are likewise claims that may only be raised in a habeas corpus action. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973); McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997); see Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

Furthermore, any challenges plaintiff may have to his federal prosecution, including that the matter should be dismissed due to lack of jurisdiction or denial of speedy trial, must be presented to the trial court in the first instance and on direct appeal of any

federal conviction, if necessary.  This court has no authority under § 1983 or § 1331 to intervene in an ongoing federal prosecution. Plaintiff's challenges to his temporary transfer from state custody to federal custody for trial are also claims that must be raised in a habeas corpus petition, 28 U.S.C. § 2241, rather than a civil rights complaint.

## FAILURE TO STATE A CLAIM

Finally, the court notes that plaintiff's allegations, taken as true, state no claim of federal constitutional violation.  It has long been held that a state prisoner may be taken into temporary federal custody by way of a writ of habeas corpus ad prosequendum for trial in federal court, and that such a writ is not, standing alone, a "detainer" within the meaning of the IAD.  U.S. v. Mauro, 436 U.S. 340, 360-61 (1978); see Greathouse v. U.S., 655 F.2d 1032, It was reasoned by the U.S. Supreme Court in Mauro that "[w]hen the United States obtains a state prisoner by means of a writ of habeas corpus ad prosequendum, the problems the (IAD) seeks to eliminate do not arise," and thus "the Government is in no sense circumventing the (IAD) by means of the writ."  Id. at 361.  If the federal Government did not file a detainer against Hale, but took temporary custody by writ of habeas corpus ad prosequendum only, then the IAD "never became applicable and the United States was never bound by its provisions." Id. at 361, FN 26.  Plaintiff does not allege that the U.S. lodged a detainer at the state prison prior to taking him into temporary federal custody.  Plaintiff also does not allege that he complied with the trigger provisions of the IAD in this case by requesting that disposition be made of a federal detainer or that

trial be had within 180 days. Nor does he allege that he has been returned to state custody without completion of his federal trial. In any event, petitioner's remedy would be by motion to dismiss the federal indictment, not a civil rights action. <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(damages)(When a state prisoner seeks damages or declaratory or injunctive relief in a civil rights suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) (declaratory relief); <u>Lawson v. Engleman</u>, 67 F. Appx 524, 526 FN 2 (10th Cir. 2003) (unpublished)(injunctive relief).

Plaintiff has filed a Motion to Appoint Counsel. There is no constitutional right to appointment of counsel in a civil rights action. Since it appears upon screening that this case is subject to being dismissed, the court finds that the appointment of counsel is not warranted at this time.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given twenty (20) days in which to provide the certified copy of his inmate account statement as required by federal law, and to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED**.

Dated this 5th day of January, 2010, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge